[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
Even though most of each of the challenged counts of the revised complaint fail to state a valid cause of action under Connecticut law, the motion to strike is not a weapon well designed to slay the monster here known as the revised complaint. To the extent the complaint attempts to make CT Page 9423 claims of educational negligence or malpractice, it does not state a recognized cause of action, and a medical malpractice claim against the school psychologist and school social worker will no doubt fail because of lack of a doctor-patient relationship. Moreover, there is no liability for bystander emotional distress in a medical malpractice action, Maloney v. Conroy, 208 Conn. 392, 393. There is no parent-child or sibling emotional distress cause of action in Connecticut. The parents may be able to establish a cause of action based on false reporting of child abuse, a question not decided here. It would appear that the defendants filing the motion to strike, or at least some of them, may have a governmental immunity defense since they were performing governmental duties which were discretionary rather than ministerial. The allegation of bad faith in reporting child abuse arguably comes within the exception for malice, wanton misconduct and intent to injure, as opposed to negligence, one of the exceptions to governmental immunity. Evon v. Andrews,211 Conn. 501, 505.
The problem is that all of these claims, the good and the bad, are scrambled into an omelet which the court cannot unscramble on a motion to strike. Moreover, their validity as separate claims cannot be decided without evaluating some of the facts and evidence to support them. Some of the claims may be vulnerable on a motion for summary judgment if they can be separated out. To the extent that the motion to strike challenges counts 1, 3, 5, 6 and 9, it is denied because each count must be construed as a whole, at least as to each plaintiff, and the court cannot hear evidence or resolve factual issues on a motion to strike.
The claims of attorneys' fees as damages in counts 1, 2, 3, 5 and 6 may not be recoverable as expenses incurred by the plaintiffs at the time of trial. However, as pleaded in the complaint, they are alleged items of damages and not an independent claim based on a statute or contract and are not punitive damages, which is the basis for the defendants' claim in the motion to strike, which is denied on this point.
There is no basis based on the allegations of the challenged counts of the complaint for a cause of action by the siblings of Brian Crosby, and the motion to strike is granted as to them.
CT Page 9424 There is no basis for a public written censure of some of the defendants as alleged in the prayers for relief, and the plaintiffs have cited no legal authority for this bizarre claim. The motion to strike is granted as to it. Section 152(2) of the Connecticut Practice Book.
Robert A. Fuller, Judge